Green J.
delivered the opinion of the court.
It was now insisted that the circuit court of Warren county, had no jurisdiction to try and determine this cause, for that the act of assembly of 1817, ch. 30, authorizing a change of_ venue in criminal causes, is unconstitutional.' To support this position, the counsel for the defendant rely upon the 9th section of the declaration of rights. It is in. these words: “That in all criminal prosecutions, the accused hath a right, to be heard by himself and his coun *512 sel; to demand the nature and cause of the accusation agajng(. anc[ t0 liaye a copy thereof; to meet the witnesses face to face; to have compulsory process for obtaining witnesses in his favor, and in prosecutions by indictment or presentmént, a speedy public trial, by an impartial jury, in the county or district in which the crime shall have been committed; and shall not he compelled to give evidence against himself.”
The rights, which in this section are secured to the accused in criminal prosecutions, cannot be taken away from them by any act of the legislature. It does not follow, however, tha( because the legislature cannot abridge those rights; it cannot enlarge, and add to them. The ascused hath a right í¿to a speedy public trial, by an impartial jury.” If such a trial by such a jury, can be had in the county where the crime was committed, the right to be tried there, is a very important one to him. But if the prejudices of a county be excited against a party, so that he dare not ask a speedy trial, and so that he cannot hope for an impartial jury, it would be a great misfortune, if no other county could acquire jurisdiction of the cause. The greater and more important rights, “a speedy trial by an impartial jury, would be sácrificied for the sake of the one least important, and which was secured only, that the others might be the more certainly enjoyed. This must have been foreseen by the framers of the constitution, and we are not to suppose that they intended' to fix the jurisdiction of a cause unalterably to the county where the of-fence was committed, and thereby, in some cases, defeat the principal object in the introduction of this provision, unless it be manifest, from the language used, that such were their intention. Does the language under consideration, limit the jurisdiction of an offence' to the county where it was committed? It says, the accused hath a right to be tried there. But does the existence of this right, prevent him from choosing another county, upon the court of which, the legislature may have conferred *513 jurisdiction of his cause? Suppose the language of the act of assembly was like that of the bill of rights, and also provided, that in criminal cases, when the accused cannot obtain a speedy trial by an impartial jury, in the county where the crime was committed, he shall have a right to be tried in the most convenient adjoining county; would this provision conflict with the one seeure'd in the bill of rights ? Surely it would not. It would but confer on the accused an additional right, in order to effectuate the' great end, for which the one beforementioned was by the' constitution secured. If the construction contended for, were to prevail, instead of reading the article in question, “the accused hath the right;”^ it would be made to read, “the accused shall be compelled to submit to a trial in- the county where the crime was committed.” Instead of being a benefit conferred, in order that a party should have a speedy, and impartial trial, it would be a serious injury inflicted, in forcing a man to commit his life into the' hands1 of a prejudiced jury.
In addition to this view of the subject, it-maybe added, that this section of the bill of rights has never heretofore been thought, to prevent the passage of laws providing for1 the change of venue in criminal cases. Such laws have existed ever since the year 1808, and many cases have occurred where the venue has been changed several times-In the cases of Burnett vs the State, and Bridges vs. the State, in 1819, the convictions took place after several changes of venue; and each of the culprits were executed under the sentence of this court. We think, therefore, that the circuit court for the county of Warren, had jurist-diction of the cause, and that there is no error in the judgment.
■ This being the only question in the cause' worthy of consideration, the judgment will be-affirmed.
Judgment affirmed-